# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CONRAD H. SALINAS** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 5:21-cv-01015** |
| | § | |
| **COUNTY OF FRIO** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

Comes Now Conrad H. Salinas, Plaintiff herein, complaining of Defendant the County of Frio and files this Plaintiff's Original Complaint.

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Conrad H. Salinas ("Plaintiff" or "Salinas") is currently a citizen and resident of Pearsall County, Texas and is a former employee of Defendant. He worked for Defendant in Frio County, Texas and all relevant events occurred in Frio County, Texas, which is within this court's district.

2. Defendant County of Frio ("Defendant" or "Frio County") is a governmental entity which within this court's district. A waiver is being sent to the Defendant before there is a request for service. The notice of the filing and waiver will be sent to the County Judge Arnulfo Luna and County Attorney Joseph Sindon.

3. This court has jurisdiction to hear the merits of Plaintiff's claims due to the federal question raised pursuant to the federal claims made, including a section 504 Rehab Act claim and claims under the Americans With Disabilities Act and Age Discrimination in Employment Act and related retaliation claims.

4.   All of the acts alleged herein occurred in Frio County, Texas, and are within the jurisdiction and district of this court.

## II. FACTUAL BACKGROUND

5.   Plaintiff Conrad Salinas is 63 years of age and was employed by Defendant County of Frio in Frio County, Texas in November 2014 as an Equipment Operator/Road Tech 1. He was a good and faithful employee who was eligible to retire on October 13, 2022. Moreover, he was the primary caregiver to his disabled wife Diana Salinas who was disabled because of a prior aneurism. He was also caregiver to his son Elias Salinas, who suffered from disabilities. It is asserted that Plaintiff Conrad Salinas suffered discrimination, harassment and retaliation based on his age, and own disability and based on associational disability related to his disabled wife and son.

6.   On September 29, 2020, Salinas reported to HR Manager Mary Perez information regarding several illegal activities that were being conducted by the county, including the use of illegal insecticides and requiring employees who were not properly licensed or authorized to use such insecticides to use and distribute the insecticides. He later reported the violations to the Texas Department of Agriculture.

7.   On Oct. 2, 2020, Salinas injured his back while loading branches into a chipper. On October 7, while weed-eating he felt the same pain again in his back. He attempted to report the injury to the supervisor (Ronnie Ramon) who was in charge but he was not there. The next day, October 8, 2020, he reported the injury to Mr. Ramon. Salinas' supervisor instructed him to go to work and said Salinas would be called to submit claim later in the day.

8.   On October 9, 2020, Salinas went to see the family doctor.

9. On October 13, 2020, he returned to work with the intention of initiating the worker comp claim and turning in the doctor note. On October 13, 2020, Salinas was told to report to HR where he hoped to initiate his workers compensation claim. Instead, Salinas was handed a termination letter by county engineer Roxie Garcia with a charge of harassment, which was never investigated by HR as per the company handbook. The claims were false and there was no basis for the claims.

10. The next day, he reported the agriculture violations to the Texas Department of Agriculture. The claims were found to be correct.

11. In addition, the company was aware that Salinas' wife was disabled and that Salinas was the primary caretaker for his wife

### III. CAUSES OF ACTION

### DISCRIMINATION AND RETALIATION IN VIOLATION OF TEX.LABOR CODE SEC. 21.051, 21.055 et seq AND THE AMERICAN WITH DISABILITIES ACT

<u>Procedural Statement</u>

30. Plaintiff has satisfied all procedural requirements and conditions precedent of Texas Labor Code Sec. 21 et seq and/or the Americans With Disabilities Act prior to filing this claim.

31. Plaintiff realleges and incorporates the factual allegations above as if fully stated herein.

32. Plaintiff suffered from a disability as a result of an on the job injury and after reporting the injury and a need for light duty, suffered retaliation harassment and discrimination.

33. Plaintiff had a reasonable belief that Defendant's actions were unlawful employment practices under the Texas Labor Code Sec. 21 et seq. and the Americans With Disabilities Act.

### Disability Discrimination

34. Plaintiff incorporates the factual allegations set forth above and set forth herein as if set forth verbatim.

35. <u>In the alternative</u>, Plaintiff alleges that based on Plaintiff's association with a handicapped individual (Plaintiff's Wife and Son), Defendant discriminated against Plaintiff. Plaintiff has shown: (1) his qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's disabled relative, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action.

36. These acts by the Defendant constitute unlawful intentional discrimination in violation of the Texas Labor Code Sec. 21 et seq. and the Americans With Disabilities Act.

### Disability Based Retaliation and the Failure to Accommodate

37. Plaintiff asserts that the Defendant failed to accommodate his disabilities and/or failed to engage in the interactive process related to his care and treatment of his relatives and need to accommodate his own condition and need for light duty work.

38. In the alternative, Plaintiff alleges that because Plaintiff engaged in activity protected by the ADA and/or Tex.Lab.Code Sec. 21.055 (opposed, made complaint, makes a charge, or participated in any manner in an investigation, proceeding or hearing of discrimination), Defendant retaliated / discriminated against Plaintiff, including terminating Plaintiff's employment / ending Plaintiff's employment.

39. These acts by the Defendant constitute unlawful intentional discrimination / retaliation in violation of the ADA and Texas Labor Code Sec. 21 et seq. and entitles Plaintiff to recovery of damages.

<u>Age Discrimination under the Age Discrimination in Employment Act and/or Tex.Lab.Code</u>

40. Plaintiff is approximately sixty three (63) years of age.

41. Plaintiff was an employee with Defendant who had stellar performance history, senior leadership experience, and a proven track record.

42. Plaintiff would show that Defendant's justifications for his termination are not credible, false and a pretext for unlawful discrimination. <u>In the alternative</u>, Plaintiff alleges that because of Plaintiff's age (63), Defendant discriminated against Plaintiff as set out herein.

43. <u>In the alternative</u>, Plaintiff alleges, that the acts, including termination of / ending Plaintiff's employment, committed by the Defendant, its agents, servants and/or employees of the Defendant in discriminating, retaliating against and terminating Plaintiff's employment constitute violations of the ADEA and Tex.Lab.Code Sec. 21.051, et seq., including 21.051, 21.055, 21.056 and any other applicable provision.

44. These acts by the Defendant constitute unlawful intentional discrimination in violation of the ADEA and Texas Labor Code Sec. 21 et seq. and entitles Plaintiff to recovery of damages.

**CLAIMS ARISING UNDER THE SECTION 504 REHAB ACT 29 USC Sec. 794 et seq.**

45. Plaintiff incorporates the factual allegations set forth above and set forth herein as if set forth verbatim.

46. Upon information and belief, Defendant entered into federal contracts or received / receives federal assistance.

47. Plaintiff alternatively alleges that based on Plaintiff's disabilities and/or association with a handicapped individual (Plaintiff's Wife and Son), Defendant discriminated against Plaintiff. Plaintiff has shown: (1) his qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's injuries and/or disabilities and disabled relatives, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that his disabilities and/or the relatives' disability was a determining factor in the employer's adverse action.

48. These acts by the Defendant constitute unlawful intentional discrimination / retaliation in violation of section 504 the REHAB ACT 29 USC Sec. 794 et seq. and entitles Plaintiff to recovery of damages, to include the forfeiture by Defendant of all monies received by Defendant under all related governmental contracts or assistance.  It is asserted that Defendant received federal funds or supplements or loans through its own interactions and/or through government contracts as a supplier, contractor and/or sub-contractor

## IV. JURY DEMAND

57. Plaintiff requests trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

1. Judgment against Defendant for Plaintiff's actual damages, including lost wages, including bonuses, salary and benefits (both back pay and front pay), in an amount to be determined by the jury;

2. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

3. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation and any other applicable claims including reinstatement, if warranted or feasible;

4. Recoverable damages under the section 504 Rehab Act claim;

5. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

6. Costs of suit, including expert's fees and attorney's fees;

7. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

**Respectfully submitted,**

**PONCIO LAW OFFICES**
**A Professional Corporation**
5410 Fredericksburg Road, Suite 109
San Antonio, Texas  78229-3550
Telephone:    (210) 212-7979
Facsimile:     (210) 212-5880

<u>/s/ Adam Poncio</u>
**ADAM PONCIO**
State Bar No. 16109800
Southern District I.D. No. 194847
Salaw@msn.com
**ALAN BRAUN**
State Bar No. 2405488
abraun@ponciolaw.com

**ATTORNEYS FOR PLAINTIFF**